UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRUCE F. ESPOSITO
on behalf of himself and all others similarly situated

JURY TRIAL DEMANDED

v.

CASE NO. 3:18CV

NATIONS RECOVERY CENTER, INC.

COMPLAINT

1. Plaintiff Bruce F. Esposito ("Plaintiff") seeks relief on behalf of himself and all other Connecticut residents similarly situated pursuant to Fed. R. Civ. P. 54(c) under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 for Nations Recovery Center, Inc.'s ("Defendant") actions that occurred within one year prior to the filing of this action.

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, §1367.

3. Plaintiff is a natural person who resides in Connecticut.

4. Defendant's principal purpose is the collection of defaulted consumer debts on behalf of creditors or debt buyers.

5. Defendant regularly attempts to collect consumer debts asserted to be due another.

6. In June 28, 2013, CACH, LLC, a debt buyer, obtained a civil judgment for $11,968.01 against Plaintiff based on a personal debt allegedly owed to Wells Fargo. A copy of the Court order of the judgment is attached hereto as Exhibit A.

7. The court did not award interest on the judgment, at the time of the judgment or within four months thereafter. *Cliff's Auto Body, Inc.* v. *Grenier,* 179 Conn. App. 820, 181 A.3d 138 (2018); *City of Hartford v. CBV Parking Hartford, LLC,* 330 Conn. 200, 299 (2018); *U.S. Equities Corp. v. Ceraldi,* 186 Conn. App. 610 (2018).

8. On January 3, 2018, Defendant sent a letter to Plaintiff seeking $14,659.03, an amount

well in excess of the judgment, and falsely stating that "interest continues to accrue on this judgment." A copy of the letter is attached hereto as Exhibit B.

9. Self-help assessment of postjudgment interest is against the public policy of Connecticut. *Becue* v. *Becue,* 185 Conn. App. 812, 826-27, 860-61 (2018).

10. Plaintiff has standing, in that Defendant directed its collection activities to him, and he was harmed by Defendant's violation of his interest in being protected from the unfair or deceptive collection practices alleged herein, that violate the express protections enacted by Congress in the FDCPA.

11. CACH did not direct or authorize Defendant to add interest to the amount of the judgment.

12. A collector may not add postjudgment interest if it has not been awarded by a court. *Pacheco v. Joseph McMahon Corp.*, 2012 WL 774943, at *2 (D. Conn. Mar. 7, 2012); *Egletes v. Law Offices Howard Lee Schiff, P.C.*, 2010 WL 3025236 (D. Conn. July 30, 2010).

13. To add interest to a judgment that either did not include an award of interest or that awarded interest at a rate below the rate added by a debt collector, is conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. §1692d.

14. To add interest to a judgment without court order or to add interest to a judgment using a rate not awarded by the court is an attempt to collect an amount not authorized by agreement or permitted by law. 15 U.S.C. §1692f(1).

15. To state that an amount certain is owing, which includes interest not awarded by a court or interest at a rate not awarded by a court, violates 15 U.S.C. §1692e(2)(A).

## CLASS ACTION ALLEGATIONS

16. Defendant holds itself out to be a nationwide debt collector that employs some 180 individual debt collectors, whose performance is "second to none" in "large portfolio" services including debt recovery, medical debt collection, bankcard collection and retail debt collections. http://www.natrecovery.com/index.php/features/nrc/whyus

17. Because of Defendant's large portfolio that it collects on behalf of CACH LLC, and because its letter to Plaintiff was an obvious form letter, Plaintiff has sufficient information to allege that Defendant has sent written debt collection letters substantially similar to the letter it sent to plaintiff to at least 40 Connecticut consumers within one year prior to the filing of this Complaint.

18. This matter is brought as a class action on behalf (i) all Connecticut residents to whom Defendant sent a letter substantially similar to the form of Exhibit I, (ii) in an attempt to collect a purported debt incurred for personal, family, or household purposes, (iii) during the one year period prior to the filing of the Complaint in this matter, (iv) that sought interest greater than the amount awarded by the court.

19. Numerosity. Fed. R. Civ. P. 23(a)(1). Upon information and belief, the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by the Defendant. Plaintiff alleges on information and belief based on the use of letters in the form of Exhibit 1 the class is so numerous that joinder of all members is impractical.

20. Predominance of Common Questions of Law or Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ among the putative class members. These questions predominate over the questions

affecting only individual class members. The principal issues include, by example only and without limitation:

a. Whether Defendant is a debt collector;
b. Whether Defendant's letter in the form of Exhibit I violated the FDCPA, including but not limited to 15 U.S.C. § 1692d, l692e; l692e(5); I692e(10) or 1692f, under the least sophisticated consumer standard; and
c. What is the appropriate measure of statutory damages.

21. **Typicality.** Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of those of the class members'. In addition, Plaintiff is entitled to relief under the same causes of action as all class members. All are based on the same facts and legal theories, which provide for the same remedy.

22. Adequacy of Representation. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the putative class because his interests are the same as the class members', and not antagonistic to them. He has retained adequate counsel, competent and experienced in FDCPA or class action litigation. Plaintiff intends to prosecute the action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

23. Superiority. Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member of the class are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for all member of the Class to individually and effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the judicial system. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases

the delay and expense to all parties and to the courts to resolve the legal and factual issues raised by the Defendant's conduct. The class action device is designed to, and in this case will, result in substantial justice and benefits to the litigants and the court by resolution of numerous individual claims based on a single set of proof in one case.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award Plaintiff and the class he represents such damages as are permitted by law, including $1,000 statutory damages under the FDCPA;

2. Award attorney's fees and costs.

THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net


BY: /s/ Eric L. Foster__
Eric L. Foster Ct29740
ERIC LINDH FOSTER LAW, LLC
48 MAIN STREET
OLD SAYBROOK, CT 06475
(203) 533-4321
efoster@lindhfoster.com

EXHIBIT A

ORDER 419134

DOCKET NO: NNHCV136037650S

SUPERIOR COURT

CACH, LLC
V.
ESPOSITO, BRUCE F

JUDICIAL DISTRICT OF NEW HAVEN
AT NEW HAVEN

6/28/2013

ORDER

ORDER REGARDING:
06/19/2013 101.00 MOTION FOR DEFAULT-FAILURE TO APPEAR AND JUDGMENT WITH ORDER OF PAYMENTS PB SECTION 17-23

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

========================== NOTICE OF JUDGMENT ==========================
[UPON RECEIPT OF THIS NOTICE, PLAINTIFF OR PLAINTIFF'S ATTORNEY MUST SEND COPY TO DEFENDANT(S) AND E-FILE, OR MAIL IF EXEMPTED, NOTICE OF JUDGMENT TO COURT WITH A CERTIFICATION OF SERVICE ATTACHED]

The following judgment may be enforced 21 (twenty-one) days after the clerk receives a certification that a copy of this notice was served on each judgment debtor (defendant).

------------------------------------------------- JUDGMENT -------------------------------------------------
After reviewing the affidavits filed in this matter, the court finds that the defendant(s) named in the motion is/are not in the military or naval service; That the following are owed to the Plaintiff(s):

1. Amount Due On Claims.........$11,572.91
2. Interest.....................$0.
3. Reasonable Attorney's Fees...$0.
4. Other Lawful Charges.........$0.
5. Total Amount Of Judgment.....$11,572.91
6. Plaintiff's Costs............$395.10
7. Total Amount Of Judgment & Costs..$11,968.01
(Total of lines 5 and 6)

WHEREFORE, JUDGMENT SHALL ENTER for the Plaintiff(s) and the Defendant(s) named in the motion must pay the Total Amount of Judgment and Costs to the Plaintiff(s).

IT IS FURTHER ADJUDGED that the individual defendant(s) against whom judgment is rendered make weekly payments of $35.00 on this judgment, commencing on 8/02/13, TO: Tobin and Melien, Trustees, 45 Court Street, New Haven, CT 06511.
NO POSTJUDGMENT INTEREST ALLOWED AT THIS TIME.

SO ORDERED.

419134

Judge: BRIAN T FISCHER
Processed by: RJ

NNHCV136037650S    6/28/2013

Page 1 of 1

P.O. Box 620130
Atlanta, GA 30362

**EXHIBIT B**

*Personal & Confidential*



▶ *Address Changed? Make Changes Below*

Bruce Esposito
60 RIDGE ST
NEW HAVEN CT  06511-2714

| | |
|---|---|
| ZIP CODE | CREDIT CARD PAYMENT BELOW |
| | ☐ VISA  ☐ MASTERCARD  ☐ DISCOVER |
| CARD NUMBER | EXP. DATE  AMOUNT |
| NAME AS IT APPEARS ON CARD | MUST INCLUDE 3 DIGIT SECURITY CODE FROM BACK OF CARD |
| SIGNATURE | FILE NUMBER: 7709591 |

Nations Recovery Center, Inc.
P.O. Box 620130
Atlanta, GA 30362-2130

▶ Billing Phone Number: _____
▶ E-Mail Address: _____

▶ *Make check or money order payable to Nations Recovery Center* ◀
▲ *Please Detach And Return in The Enclosed Envelope With Your Payment* ▲

**NRC** Nations Recovery Center, Inc.
6491 Peachtree Industrial Blvd.  Atlanta, GA 30360
www.PayNRC.com

Hours of Operation
Monday - Thursday  9AM-9PM EST
Friday  9AM-5PM EST
Saturday  9AM-1PM EST

| File #: | 7709591 |
|---|---|
| Current Creditor: | CACH, LLC |
| Original Creditor: | Wells Fargo Bank, N. A. |
| Account Number: | xxxxxxxxxxxx3843 |
| Judgement Date: | 07/05/2013 |
| Current Balance: | $14,659.03 |



PAY THIS AMOUNT

01/03/2018

## ACCOUNT NOTICE

Dear Bruce Esposito:

The above creditor has placed your account with our company for collection. We realize it may have been an oversight on your part and not an intentional disregard of an obligation.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please call us should you wish to resolve this matter.  You may also pay 24/7 at www.PayNRC.com.
Calls received outside of office hours will be promptly returned. Please leave your name, phone number and/or convenient time you wish to be called.


Mail payment in
enclosed envelope


Pay online by credit card:
www.PayNRC.com
File Number: 7709591


Call us:
(800) 935-1139


Scan this code with your
smartphone to pay your bill
online.

As of the date of this letter, you owe $14,659.03. Because the interest continues to accrue on this judgment, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment. If we are not able to adjust any remaining balance in order to clear the account, we will inform you before depositing