UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRUCE F. ESPOSITO, Plaintiff, Individually and on behalf of all other persons similarly situated,

v.

NATIONS RECOVERY CENTER, INC, Defendant.

CIVIL ACTION NO. 3:18-cv-2089 (VLB)

JUNE 26, 2020

ORDER CERTIFYING CLASS AND
PRELIMINARILY APPROVING SETTLEMENT AGREEMENT

The Plaintiff, Bruce F. Esposito ("Plaintiff" or "Esposito"), individually and on behalf of all other persons similarly situated brings this action against Nations Recovery Center, Inc. ("Nations" or "Defendant") for allegedly sending debt collection letters which included false and deceptive language concerning the accrual of interest in violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). [ECF No. 1]. Plaintiff and Defendant jointly seek preliminary approval of the Parties' class settlement agreement on behalf of the following class:

> [A]ll Connecticut residents who, within one year after December 20, 2017, were sent letters by Nations similar to that attached as Exhibit B to the Complaint (the "Class"). 'Similar' letters shall include all letters including the words 'interest continues to accrue on this judgment,' when the underlying judgment did not, in fact, award post judgment interest.

[ECF No. 28-1 at 1]. For the following reasons, the proposed class is certified, and the proposed settlement agreement is preliminarily approved.

## I. Background

Plaintiff is a Connecticut resident and consumer. [ECF No. 1 (Complaint) at 1]. Defendant is a corporation doing business in Connecticut. *Id*. at 1-3. Defendant regularly attempts to collect on debts primarily incurred for personal, family, or household purposes. *Id*. at 1. On January 3, 2018, Defendant sent Plaintiff a letter which allegedly violated the FDCPA. [ECF No. 1 Exhibit B]. The letter stated that "interest continues to accrue on this judgment," when in fact the underlying judgment being collected upon stated "NO POSTJUDGMENT INTEREST ALLOWED AT THIS TIME." [ECF No. 1 Exhibit A]. Plaintiff asserts that "[a debt] collector may not add postjudgment interest if it has not been awarded by a court," [ECF No. 1 at 2 (citing *Pacheco v. Joseph McMahon Corp*., No. 3:10-cv-00464 (AWT), 2012 WL 774943, at *2 (D. Conn. Mar. 7, 2012) and *Egletes v. Law Offices Howard Lee Schiff, P.C.*, No. 3:10-cv-00641 (CSH), 2010 WL 3025236 (D. Conn. July 30, 2010)], and therefore "[t]o state that an amount certain is owing, which includes interest not awarded by a court or interest at a rate not awarded by a court, violates 15 U.S.C. § 1692e(2)(A) [of the FDCPA]." [ECF No. 1 at 2].

After Plaintiff initiated this action, "formal discovery commenced," "Nations conducted an internal review of the matter," Plaintiff's counsel "investigated the facts available" and determined that it was "in the best interest of the Class to enter into [the proposed] Settlement Agreement," and the Parties decided it was in their best interest to settle the claims. [ECF No. 28-1 at 2]. The Parties have therefore jointly moved for certification of the class articulated above and jointly move for preliminary approval of their proposed class

**settlement agreement. [ECF No. 28-3 (Proposed "Order Certifying Class and Preliminarily Granting Approval of Settlement")]. The proposed class settlement agreement contemplates liability for the letter's allegedly incorrect invocation of post-judgment interest under the FDCPA, but with Nations "den[ying] any wrongdoing and any liability whatsoever (including under the FDCPA) with respect to Esposito or the Class." [ECF No. 28-1 at 2].**

**II. <u>Legal Standard</u>**

**"The party seeking to certify a class bears the burden of demonstrating numerosity, commonality, typicality, and adequacy" under Federal Rule of Civil Procedure 23. *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999). It is "beyond dispute that a district court may not grant class certification without making a determination that all of the Rule 23 requirements are met." *In re Initial Pub. Offering Secs. Litig.,* 471 F.3d 24, 40 (2d Cir. 2006). "To be certified as a class, the class must satisfy the four threshold requirements of [Rule] 23(a): the class must be so numerous that joinder of all members is impracticable ('numerosity'); there must be questions of law or fact common to the class ('commonality'); the claims or defenses of the representative parties are typical of the claims or defenses of the class ('typicality'); and the representative parties will fairly and adequately protect the interests of the class ('adequacy of the representation')." *Ellis v. Gen. Revenue Corp*., 274 F.R.D. 53, 60 (D. Conn. 2011) (citing Fed. R. Civ. P. 23(a)). "Additionally, the class must satisfy one of the requirements of [Rule] 23(b)." *Id.***

## III. Analysis of Class Certification

**As stated above, Plaintiff and Defendant jointly seek preliminary approval of the Parties' class settlement agreement on behalf of the following class:**

> **[A]ll Connecticut residents who, within one year after December 20, 2017, were sent letters by Nations similar to that attached as Exhibit B to the Complaint (the 'Class'). 'Similar' letters shall include all letters including the words 'interest continues to accrue on this judgment,' when the underlying judgment did not, in fact, award post judgment interest.**

**[ECF No. 28-1 at 1].**

**As to the numerosity requirement for class certification, the Second Circuit has recognized a class of 40 members as large enough to meet the numerosity requirement. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (citing 1 *Newberg on Class Actions 2d* § 3.05 (1985 ed.)). Here, based on Defendant's review of its business records, the Parties jointly assert that 61 persons meet the class description. [ECF No. 28-1 at 2]. Accordingly, the Court finds this class of 61 members sufficiently numerous for class certification.**

**As to commonality, where the claims of all class members arise out of "the same practice or course of conduct" and are based on the same legal theory, they meet the class action commonality requirement. *Rivera v. Fair Chevrolet Geo P'ship*, 165 F.R.D. 361, 363 (D. Conn. 2006); *see also* *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 37 (E.D.N.Y. 2008). "Courts have found that 'the test for commonality is not demanding' and is met so long as there is at least one issue common to the class." *Raymond v. Rowland*, 220 F.R.D. 173, 179 (D. Conn. 2004) (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999)). Specifically, "[i]n cases where FDCPA plaintiffs have received common**

debt collection letters from the defendants that form the basis of the lawsuit, courts have found common questions of law or fact sufficient to certify the class." *Reese v. Arrow Fin. Servs., LLC*, 202 F.R.D. 83, 92 (D. Conn. 2001) (citing *Macarz v. Transworld,* 193 F.R.D. 46, 49 (D. Conn. 2000)).

Here, the Parties agree that there are questions of law and fact common to the proposed settlement class. [ECF No. 29 at 5-6]. "[T]he Letter attached to the complaint is the common fact, as well as whether postjudgment interest was awarded by the state court." *Id.* at 6. The common legal issue is whether that letter violates the FDCPA. *Id.* The Court agrees with the Parties that the proposed class meets the commonality requirement. *See Reese*, 202 F.R.D. at 92.

Similar to the commonality requirement, typicality is satisfied where "the claims of the class representatives [are] typical of those of the class, and is satisfied when . . . each class member makes similar legal arguments to prove the defendant's liability." *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001). "When the same unlawful conduct was directed at both the named plaintiff and the class to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims." *Labbate-D'Alauro v. GC Servs. Ltd. P'ship*, 168 F.R.D. 451, 456-57 (E.D.N.Y. 1996). The Parties agree that Plaintiff's claims are typical of those of class members, as they are based on the same alleged facts (the standardized letter) and legal theory (violation of the FDCPA). [ECF No. 29 at 7]. The Court agrees that the Parties' proposed class satisfies the typicality requirement.

**Finally, the Court must determine whether the lead plaintiff will fairly and adequately represent the class. To determine adequacy, the Court must inquire as to whether "1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation."** ***Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp*****., 222 F.3d 52, 60 (2d Cir. 2000) (citing** ***In re Drexel Burnham Lambert Grp., Inc.*****, 960 F.2d 285, 291 (2d Cir. 1992)). "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status."** ***Kuck v. Berkey Photo, Inc*****., 81 F.R.D. 736, 740 n.14 (S.D.N.Y. 1979) (quoting 7** ***Wright & Miller, Federal Practice & Procedure*** **§ 1768, at 639 (1972)). The commonality, typicality, and adequacy requirements of Rule 23 "tend to merge," and revolve around "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."** ***Gen. Tel. Co. of Sw. v. Falcon*****, 457 U.S. 147, 158 n.13 (1982). In general, where the lead plaintiff and the class members "share the common goal of maximizing recovery," the proposed lead plaintiff is presumed to be fair and adequate.** ***Kemp-DeLisser v. Saint Francis Hosp. & Med. Ctr.*****, No. 15-cv-1113 (VAB), 2016 WL 6542707, at *12 (D. Conn. Nov. 3, 2016) (quoting** ***In re Marsh ERISA Litig.*****, 265 F.R.D. 128, 143 (S.D.N.Y. 2010)).**

**The Parties agree that Plaintiff will fairly and adequately protect the interest of the class, as Plaintiff's counsel are experienced in litigating claims of unlawful practices under the FDCPA and other consumer protection statutes, as well as complex litigation. [ECF No. 29 at 7-8]. In addition, the Parties agree that neither**

**Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action. *Id*. Where there is no evidence that the lead plaintiff and class members' interests are at odds, Courts presume the adequacy requirement of class certification is satisfied. *See, e.g.*, *Kiefer v. Moran Foods, LLC*, No. 12-cv-756 (WGY), 2014 WL 3882504, at *3 (D. Conn. Aug. 5, 2014) (citing *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 616 (S.D.N.Y. 2012) and *Alli v. Boston Market Corp*., 3:10-cv-00004 (JCH), 2011 WL 6156938, at *2 (D. Conn. Dec. 9, 2011)).**

**The terms of the proposed settlement agreement also support Plaintiff's adequacy as a representative. While Mr. Esposito stands to benefit more than other class members under the settlement, he successfully negotiated for class members to receive a reasonable sum in light of the applicable statute. [ECF No. 28-1 (Settlement Agreement) at 2]. Specifically, the FDCPA caps a class's recovery at the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B)(ii). The Parties represent that the settlement amount proposed represents 1% of Defendant's net worth of $1,000,000, or $10,000. [ECF No. 28-3 ¶ 5 (noting that "maximum statutory damages available would be $10,000")]. The Parties believe that a class settlement award of 1% of Defendant's net worth, or the maximum allowed by statute, is reasonable. Having ordered Defendant to file its last five years' tax returns on the docket and analyzed these returns in detail for cash flow, available assets, non-reliance on prior year losses, and other metrics, the Court finds Defendant's alleged $1,000,000 net worth to be within the realm of reason.**

**In addition, regarding Mr. Esposito's higher award, the Court recognizes the general acceptance of "incentive awards" to lead plaintiffs in class actions to compensate them for incurring "a variety of risks and tasks when they commence representative actions, such as complying with discovery requests." *Kemp-DeLisser*, 2016 WL 6542707 at *18. And, the damages the class members will receive is $10,000 divided by the number of class members, 61, or $163.94. Thus, by simply cashing the check sent to them by the Parties, class members will receive approximately 1/6th of the statutory damages they might have received only after potentially protracted and inherently uncertain litigation proceedings. The Court accordingly finds Plaintiff an adequate class representative.**

**The Parties also agree that a class action is the superior method for a fair and efficient adjudication of this controversy under Federal Rule of Civil Procedure 23(b)(3). [ECF No. 29 at 8-9]. Matters pertinent to the Rule 23(b)(3) analysis include:**

> **(A) the class members' interests in individually controlling the prosecution or defense of separate actions;**
> **(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;**
> **(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and**
> **(D) the likely difficulties in managing a class action.**

**Fed. R. Civ. P. 23(b)(3)(A) – (D). The Parties agree that it is unlikely that individual consumers would pursue lawsuits only to recover a statutory maximum of $1,000. [ECF No. 29 at 8]. Illustrative of that point, there have been no individual lawsuits filed concerning Nation's alleged violation of the FDCPA beyond the instant action. As to the desirability of this forum, the Parties agree that the lead plaintiff,**

Mr. Esposito, is a Connecticut resident, which makes this forum desirable. Finally, the Parties assert that managing this lawsuit as a class action will not be difficult given the Parties' experience with FDCPA litigation, the extent that common claims will predominate, the proposed settlement, and the fact that Congress specifically contemplated that FDCPA claims would be litigated through class actions. *Id.* at 3, 8-9 (citing 15 U.S.C. § 1692).

Courts also find a class action superior to other available means of adjudication under Rule 23(b)(3) where "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002) (citing *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001)). Here, because Defendant sent standardized letters to all proposed class members, whether those letters violated each prospective class member's rights under the FDCPA can be answered through generalized proof.

In light of the foregoing, the Court finds that a class action is the superior method for a fair and efficient adjudication of this controversy under Federal Rule of Civil Procedure 23(b)(3). The Court certifies the proposed class.

## IV. Preliminary Approval of Settlement Agreement

Final approval of any proposed class settlement requires "careful balancing" of the settlement's "fair[ness], reasonable[ness] and adequa[cy]." Fed. R. Civ. P. 23(e). This inquiry first requires the Court to determine whether

**the proposed settlement terms warrant "preliminary approval." Preliminary approval is appropriate where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representative or segments of the class and falls within the reasonable range of approval." *O'Connor v. AR Resources, Inc.*, No. 3:08-cv-01703 (VLB), 2010 WL 1279023, at *3 (D. Conn. Mar. 30, 2010) (citing *In re Nasdaq Mkt.-Makers Antitrust Litig.,* 176 F.R.D. 99, 102 (S.D.N.Y. 1997)).**

**As discussed above, the Court is satisfied that the terms of the settlement agreement were reached through thorough discovery and careful evaluation of the strengths of each party's claims and defenses. Specifically, the Court finds that the proposed settlement agreement provides reasonable settlement awards to class members and to the lead Plaintiff in light of the settlement award limitations imposed by the FDCPA, and the general acceptability of reasonable "incentive awards" to lead plaintiffs. Accordingly, the Court preliminarily approves the settlement agreement.**

**V. Conclusion**

**All of the prerequisites under Rule 23(a) are satisfied and certification under Rule 23(b)(3) is warranted. The Court therefore certifies the class articulated herein, appoints Joanne S. Faulkner and Eric L. Foster as Class Counsel, and appoints Mr. Esposito as representative of the Settlement Class. The Court also preliminarily approves the proposed settlement agreement, approves the mailing of the notice and claim form to Settlement Class members**

**as found in the Motion at Exhibit 2, finds the mailing of such notice satisfies the requirements of due process, and imposes the following deadlines:**

**1.) Class notice is to be mailed by July 18, 2020;**

**2.) Settlement Class members shall have until August 20, 2020 to exclude themselves from, or object to, the settlement agreement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on the Class Administrator by the same date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the District of Connecticut's Clerk's Office and serve copies of the objection on the Class Administrator by the same date.**

**3.) The Parties shall file with the Court a report of the results of class notification, including the number of class members who excluded themselves from or objected to the settlement agreement, by September 11, 2020.**

**4.) A final hearing on the fairness and reasonableness of the settlement agreement will take place on October 29, 2020 at 4:00 p.m., at 450 Main Street, Courtroom Three, before the undersigned. At the hearing, the Court will also determine whether to grant final approval to the settlement agreement and whether to grant the Parties' requests for fees and expenses by Class Counsel. To do so, the Court will require thorough descriptions of tasks performed, the time required to complete**

**each, the proper hourly rate, even if a discount is involved, and the total cost of legal fees.**

**IT IS SO ORDERED.**

**___________/s/__________**
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut this 26th day of June, 2020.**